### SAUNDERS vs. TAYLOR.

APPEAL from the court of the parish and city of New-Orleans.

MATTHEWS, J. delivered the opinion of the court. This suit is founded on a bond given by G. M. Ogden, as principal, and P. V. Ogden and Thomas L. Harman as sureties; conditioned to be void, if the principal should prosecute to effect a writ of error, which he had obtained to the district court of the United States for the district of Louisiana, on a judgment rendered in said court in favor of the plaintiff.

A bond given in a court of the United States, on taking out a writ of error, may be put in suit in a state court. Suit may be bro't against the heirs of a succession in the ordinary courts.

All the obligors are dead, and the present action is commenced against the tutor of the minor children and heirs of Harman, the last signer on the bond.

The defendant pleads in his answer, two exceptions to the suit: first, to the jurisdiction of the court; and secondly, to the plaintiff's right to prosecute the action, being a non-resident of the state, &c.

The plea to its jurisdiction was sustained by the court below, and the plaintiff appealed.

The exception to the jurisdiction, appears, from the argument of counsel, to be based on two grounds: 1st, that as the suit is against a succession, the court of probates is the only tribunal which can legally take cognizance of it; 2d, that as the bond relates to, and was given in consequence of, a judgment rendered by the district court of the United States, that court alone is competent to entertain any suit which may be brought on it. The second exception, based on the want of residence, and also the last ground of opposition to the jurisdiction was overruled by the parish court; and, in our opinion, correctly.

No objection has been made to the authority of the plaintiff's counsellor or attorney, and our courts have always been open to foreigners for the purpose of prosecuting their rights, when represented by attorneys at law. Perhaps a more summary remedy on the bond might have been obtained in the U. S. court, in relation to the jurisdiction of which it was given; but that circumstance ought not to preclude the obligee from attempting to enforce its obligations in the courts of the state.

The correctness of the opinion of the court below, on the first ground of exceptions to the jurisdiction of that court, depends on a proper construction or interpretation of articles 995 and 996 of the 5th section of the chapter of code of practice, relating to the mode of proceeding in the courts of probate.

Eastern Dist.
Feb'ary, 1828

SAUNDERS
vs.
TAYLOR.

According to the general provisions found in this section, and others in the Lou. Code, it would seem, that debts due from a succession should be liquidated, and their payment enforced by the court of probates of the place where the succession was opened. It is, however, contended for on the part of the plaintiff, that these general rules are limited by the articles of the code of practice above cited. The last of them having a direct reference to the first, they must be examined, as dependant on each other, in ascertaining the intention of the legislature, and the sense and meaning conveyed by the terms in which they are written. Art. 95 confines the application of the rules established in the previous provisions of the section, to estates administered by persons appointed by a court, or by testamentary executors.

SAUNDERS
vs.
TAYLOR.

According to the succeeding article, when estates are in the possession of heirs, either of full age, or minors, suits must be brought against the heirs, or their curators, (if the heirs be minors) in the ordinary tribunals. The present action is against a tutor, who, according to law, holds and manages the estate of his wards under the age of puberty, in the same manner as a curator would the succession of minors above that age. There is some ambiguity in the two articles taken together; we are, however, of opinion, that a just construction of them, authorises the courts of ordinary jurisdiction to take cognizance of cases like the present.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the cause be remanded to said court, to be tried on its merits, and that the appellee pay the costs, &c.

*Strawbridge* for the plaintiff, *Grymes* for defendant.